UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES PATRICK WHITE,

    Plaintiff,

v.                                Case No.: 2:25-cv-162-SPC-KCD

GERACK, FLANNIGAN, and
RICHARDSON,

    Defendants.
                                 /

## OPINION AND ORDER

Before the Court is Plaintiff James Patrick White's Complaint (Doc. 1). White is a prisoner of the Florida Department of Corrections, and he sues three prison officials under 42 U.S.C. § 1983. United States Magistrate Judge Kyle Dudek granted White leave to proceed *in forma pauperis*, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

White alleges that on September 28, 2024, he got into an argument with Lieutenant Gerack about his state-issued tablet. Gerack left and returned with Lieutenant Flannigan and Sergeant Richardson. They had White and his cellmate submit to hand restraints and escorted the two inmates to showers where they were strip searched and secured. The officers removed all items from White's cell and put White and his cellmate on strip-cell status and

management meal for 72 hours. White later received a disciplinary report for tampering with a security device, presumably the tablet. White was later subjected to 27 days of confinement. White asserts the disciplinary actions taken by the defendants amount to cruel and unusual punishment under the Eighth Amendment.

Although "the Constitution does not mandate comfortable prisons," prison officials must "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).

White does not allege extreme conditions that created an unreasonable risk to his health or safety. Court in the Eleventh Circuit have consistently rejected claims that strip-cell status, management meal, and segregation violate the Eighth Amendment. *See Anthony v. Warden*, 823 F. App'x 703, 708-09 (11th Cir. 2020) (segregation); *Woodson v. Whitehead*, 673 F. App'x 931, 932-

33 (11th Cir. 2016) (segregation) *Turner v. Warden, GDCP*, 650 F. App'x 695, 701-02 (11th Cir. 2016) (strip-cell status); *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (strip-cell status); *and Adside v. Stokes*, No. 3:20-cv-5571-LAC-EMT, 2021 WL 2211347, at *5-6 (N.D. Fla. Apr. 27, 2021) (strip-cell status and management meal). While these disciplinary measures may be "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). White does not allege any facts from which the Court could infer that the defendants knowingly and recklessly subjected White to a risk of serious harm.

Accordingly, it is

**ORDERED:**

4

Plaintiff James Patrick White's Complaint (Doc. 1) is **DISMISSED without prejudice**.  White may file an amended complaint by **March 27, 2025**.  Otherwise, the Court will close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on March 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record